We have 24, 940 United States v. Darren Smith. Thank you. Good morning, Your Honors. May it please the Court. My name is Lance Clark and I represent Mr. Smith. We had asked that this Court vacate the sentence and remand for re-sentencing due to the procedural errors in the District Court. First, the District Court relied on unconvicted conduct in sentencing Mr. Smith. Specifically, the Court relied that Mr. Smith intended to kill Detective Minson. Now, the Court relied on that and used that as an aggregating factor to impose this lengthy sentence that brings us before this Court. I didn't read that quite the same way, so help me out if I'm mistaken. I understood the Court to be emphasizing the seriousness of the overall conduct, even without the crime that he was committed, he was acquitted on, because the conduct as a whole was reckless and potentially deadly. Did I misread something or misunderstand something? Your Honor, when reading from the trial transcript, the Court states, but clinging to that notion, no matter what, that you get the intent—  Yes, Your Honor. What page, Your Honor? Pages 41 to pages 42. And is that—what page of the appendix is that, if I can just— Page 41, line 22. Thank you. The jury said they were hung on the issue of intent to kill, and I understand that. But this is horrible, horrific behavior, and generally, generally a person needs to be remorseful for this. Right. So what is this referring to? The intent to kill that the Court stated multiple times that Mr. Smith should have had remorse for when the guidelines are clear that a defendant is only liable to admit conduct for which they have been convicted of. When we look at the case before the Court, there was nothing before the Court that established by a preponderance of evidence. And the government asked the Court to consider this, but the Court refused to consider this and went on to sentence Mr. Smith as if they did, as if the conduct was elicited at trial. And if it wasn't elicited at trial, at the bare minimum, the Court should have required that that element be proven beyond a preponderance of evidence. In addition, the Court committed procedural error in denying the acceptance of responsibility reduction. Now, Mr. Smith accepted responsibility for Charges 2 through 4. He accepted responsibility pre-trial, during opening, during closing, during the PSR. You say pre-trial, but is it not right that there was a plea offer that eliminated Count 1? There was a plea offer that eliminated Count 1. That plea offer was made during a posture of the case where Mr. Smith had a breakdown in communication with his attorney. Now, this breakdown was so relevant that it caused current counsel to be appointed. When current counsel was appointed, current counsel attempted to communicate with Mr. Smith. It worked. Mr. Smith wanted to take the plea. When counsel went to the government and said, the breakdown in communication has been fixed. Can we accept this plea offer? The plea was no longer offered. Where is that in the record? We repeatedly mentioned that during sentencing. Counsel stated that to the trial court during sentencing. And I believe the words trial counsel used were, and I was trial counsel, that our hands were handcuffed at that moment. The plea offer was a guideline range of 17 years where defense counsel could not argue for a downward departure. This plea offer was not the original plea offer that was made during the posture of the case where Mr. Smith did not have adequate communication with his counsel. When Mr. Smith received adequate counsel. But what he was willing to plead to was those charges in satisfaction of everything. And the government wasn't prepared to take that at that point. Because he could have pled guilty to particular counts. He could have, Your Honor. But he did not. But the government is relying that that is the sole factor that is used when denying acceptance of responsibility points. It is but one factor that is used. And when you look at the pre-plea conduct, you're looking at it. Right. But you cannot get this two points if you go to trial except in rare cases and where the pretrial statements show acceptance. Now, the concern I have here is that your client wasn't just offering to accept responsibility for these crimes. It was he'll accept responsibility if the government drops the other charges. He was offered a plea offer. Am I right? I mean, because otherwise he could have pleaded guilty to counts and just put the government to its burden of proof on what? The court is correct that in rare circumstances. He wanted something. He wanted a deal for it. And that the government wasn't willing to give him at that point. No. He wanted the truth to be maintained that he did not intend to kill these officers, which was the only charge that we did not concede to. Which was the only charge he was not convicted of, Your Honor. Counts two through four, we maintained in our opening, in our closing, in our sentence, in a PSR interview and here at this appellate stage, that we conceded guilt on all levels on that count. But by the time new counsel was appointed to Mr. Smith, the only possible deal he could have gotten was off the table. But even if that is so, the court is correct. There are rare instances. This is that rare instance. Because in the rare instance, we have to look at the pretrial behavior. What was the conduct in pretrial? Clearly, there was a breakdown of communication that sufficed to the level that the district court appointed new counsel. I mean, that sounds like an ineffective assistance claim. We don't know. I mean, I'm not saying this is all what happened. But let's assume the defendant just said, I don't want to hear about any plea offers. And that's the breakdown in communication. And so proceeds to turn down or at least lose the opportunity to accept a plea that didn't include pleading to count one. I mean, that is pretrial conduct that would be considered in determining whether there's an acceptance of responsibility. We don't know what happened on this record, I don't think, with this breakdown in communication. I mean, we know that, as you say, the trial court appointed new counsel. But we don't know in a way that would allow us to determine whether this is one of those rare circumstances. I mean, breakdown in communication might mean trial counsel just didn't convey the plea. It might mean the defendant refused to listen. It might mean that they weren't communicating with each other at that point. I don't think we can assess that. I would respectfully disagree, Your Honor. I believe we can assess it because the offer that was communicated to Mr. Smith with the initial counsel did not result in the plea. When the offer was made with new counsel, Mr. Smith wanted to accept the plea. Well, I mean, sometimes getting closer to trial sharpens the mind. Or sometimes, Your Honor, it's having someone who understands you and is able to communicate with you. And if, in fact, that is the issue, then the light should go, you know, the light most favorable to the defendant. The breakdown of communication, I believe, is a right so paramount that in courts across this country, a court will give a defendant four, five, six attorneys because we understand it's important that the defendant is able to communicate with their attorney. So when a defendant finally gets, not finally, this was the second lawyer. You know, we've seen cases, three, four attorneys that are appointed. When the defendant gets the second lawyer and the second lawyer is able to communicate adequately, Your Honor, I believe my time is up and we have reserved. I have a few questions about the 3A1.2 argument. May I ask a few questions? Please, of course. Thank you. I want to ask you about your position on the 3A1.2 enhancement. It seems to me that the knowledge status that you're arguing has to be proved is implicit in motivation, assuming that for a moment. Knowledge can be proved, both actual knowledge, but it can also be proved by conscious avoidance. I mean, your client's claim that he didn't realize that one of the people was a police officer because he was in plainclothes seems to me to be right in there with conscious avoidance. I mean, he's got police officers coming at him. He's involved in criminal conduct. If he didn't know that this was a plainclothes officer, it has to have been because he consciously avoided knowing. Do you want to tell me why that isn't a way to look at how the district court viewed this? Your Honor, the government mentioned that in their papers as well, but that's exactly what happened. There was someone that intervened. There was someone in the video that attempted to help the officers. The officers had to put that person back. I think it's reasonable for Mr. Smith to think that when he is running in the street with a gun in his hand, that any number of citizens would have taken the law into their hand and have acted the way that these officers have acted, especially in the light of he was just hazed, face down on the ground, a lot is going on. I believe those are relevant contexts that we have to use when looking through the lens of what's reasonable. The motivation, though, requirement here is meant to exclude circumstances that are private disputes. So if you're attacking an officer in an attempt to resolve a personal dispute with him, that's one thing. If you attack an officer in an effort to prevent the performance of official duties, and that's the totality of the circumstance here. He knows that at least some of the people involved in this are police officers, and his actions are attempting to prevent the performance of official police duties. I'm not sure how we say that this was inappropriately applied here. Your Honor, he may know, and may knowing is not enough to suffice. Do you think it's okay for him to have conducted himself one way with respect to the person not in uniform, though he couldn't have conducted himself that way with respect to somebody in uniform? What I think is okay is irrelevant to the point enhancement that we're suggesting he did not necessitate. No, it's not okay. The behavior is not okay at all. But in a law, in a country of laws, we have to follow them, especially if we want our citizens and society to follow them as well. But you're saying if it were an officer in uniform, then it would be appropriate to conclude that he knew, right? It would be easier to infer that there was knowledge present if there was an officer in uniform. That's what it is, certain facts from which you could infer to reach a level of preponderance as to the applicability. Yes, Your Honor. And so here, the officer is part of the chase. He's got an outward badge showing. He's with the uniformed officers, and he gives commands, I think. Correct me if I'm wrong factually. Gives commands to Mr. Smith. Why isn't that? And I think we're here under plain error. Why wouldn't that be enough for the district court to conclude by a preponderance that he did know? And how, as a matter of plain error, would that not be sufficient? The record does not reflect that, Your Honor. There was no testimony during the trial that Mr. Smith had knowledge of these things. And at the appellate level, what we're left with is the record. Right, but if all we have in the record is that it was a uniformed police officer, you wouldn't say, well, there's no testimony that he knew, right? I would have to look at the facts of those cases. But if the facts of those cases, yes, I would have to look at the facts of those cases. Can I take this in a slightly different direction? Because I have to confess I'm puzzled about this entire conversation. When I look at the guideline 2A.2.2, which is the guideline the court applies, everybody agrees that it applies. I presume it's because 2A.2.4, which is obstruction of repeating officers, cross-references and says apply 2A.2.2 if it's an aggravated assault. 3A, right? 3A.1.2. No, I'm talking about the underlying guideline, which is 2A, 2A.2.2. And there's a bunch of adjustments within it, specific offense characteristics. And one of them is sub-7, right? And sub-7 is if the defendant was convicted under 18 U.S.C. 111B or 115, increased by two levels. The court did that, and everybody agreed that that was appropriate. The commentary to that section then says in application note 4, if subsection B.7 applies, which it did and the court applied it, then 3A.1.2, official victim, shall also apply. It's mandatory. It comes automatically with the application of the B.7. And if you have any doubt about that, you go look at the guideline directly for impeding officers, and it actually says normally the fact that it's an official victim is built into this guideline unless it's referred over to 2A.2.2 because it's an official victim, in which case you do apply the guideline, or you do apply 3A.1.2. So why is it this automatic without us having to do all this analysis of what your client knew? Doesn't the conviction for 111B encompass that knowledge and end the conversation? Respectfully, we would disagree, Your Honor. I believe that 3A.1.2.8 requires direct proof of knowledge, and that would govern what the district court should have taken into account during the sentencing. If there was no testimony during the trial that Mr. Smith had knowledge, I believe that did not suffice for the court to impose the official victim. So what do we do? And if you're not prepared to answer this, I understand because I realize it's not the direction the briefing went. But application note 4 to the guideline 2A.2.2, which is the guideline that was applied here, what do we do with that statement that seems to mandate? I mean, it uses the term shall, not may. How do we reconcile your argument with that? I believe that we have to, again, go back and look at the record from the trial to see if there was any direct proof of knowledge. I believe in a due process argument, someone has to know. You have to know. So the cross-reference tells us that if that applies, then we still have to determine that 3A.1.2 is satisfied. So shall apply doesn't mean the adjustment applies. Shall apply means we shall conduct an analysis under 3A.1.2. I believe so, Your Honor, because when you infer from the circumstances of this case and the commentary and the cases that are cited from the government, they all involve situations where the defendants were targeting and motivated by the officer's standard status. This is not that. This is evasion. This is on the floor. I'm just trying to figure out. I mean, it actually goes on, right? The background section of the commentary specifically addresses the fact that the B7 enhancement is cumulative to the adjustment in 3A.1.2, and it explains that the commission did this because Congress wanted the commission to make sure to ensure that guideline sentences when official folks were involved were bumping up near the maximum penalty. And so the commission seems to specifically recognize this as kind of a double dip but endorse the notion that that's how they should work. And I'll let you sit down. I just want to maybe think about that before we hear from you again. I wanted to get your thoughts about how we did with that, even if we accepted your view on the knowledge piece.  Thank you. Thank you. Mr. Lichtenberg? Did I get that right? Lichtenberg. Lichtenberg. Close enough. You're not the first. Won't be the last. May it please the Court, my name is Jim Lichtenberg. I'm an assistant United States attorney in the Southern District of New York, and I represent the United States in the appeal. Let me just start where you left off, Judge Robinson. I think the language of Note 4 is clear. If subsection B7 applies, then 3A1.2 shall also apply. It seems clear to me. You didn't argue it, so I'm wondering what I missed. We did not. I think we should have. And the Court obviously can affirm on any basis in the record, but I think the note is very clear. Even putting that aside, the official victim enhancement applies for, I think, the reasons that all the members of the Court have been getting at. First of all, the record makes clear that Smith knew that Officer Menton was a government officer. Smith clearly knew he was being pursued by law enforcement. He was stopped by lights and sirens of a police car. He then ran away from a large group of police officers. Many of them were wearing uniforms. Many of them announced themselves explicitly as law enforcement agents. And then at one point, Smith ran right past Officer Menton as Officer Menton exited a car that had flashing red and blue police lights. This is in Government Exhibit 115. And Officer Menton had a badge hanging from his neck. Smith jogged right past him and kept going. As he jogged past, Officer Menton took out his firearm, just like the other officers had done, ordered Smith to stop and drop his gun, just like the other officers had done. And then later, when he was subdued, Officer Menton was part of a broader law enforcement pursuit. There was a group of 10 to 12 law enforcement officers all detaining Smith. So the record clearly shows that Menton was working in concert with them. And that Smith knew that this was a group of law enforcement officers. And as Judge Raji pointed out, the motivation prong is also satisfied here because this was not a personal dispute. This was part of Officer Menton's official duties that he was trying to detain Smith. Smith assaulted him in order to evade arrest. And that's consistent with this Court's decision and Saleem and with Ninth Circuit decisions and a First Circuit decision as cited in our brief that explicitly hold that where your motive is to evade arrest, that is sufficient for application of this. Let me ask you this, though, with respect to the two guidelines that Judge Robinson focused you on. Why does Section 7 say if he was convicted of 111B, increase by two levels? Why wouldn't it just say increase by six levels or increase by eight levels if it's meant to incorporate the 2A1.2? It seems a curious way to apply guidelines. Can you help me out? I think that's one way they could have done it, and maybe that would have been a more straightforward way. I mean, since the law doesn't assume absurd risk, so what would be the reason for saying increase by two levels if then you're going to automatically increase by six? I suppose they didn't want there to be the increase by eight levels or five levels and then also an enhancement for official victim. So one way to do that is the way they did it, which is to say official victim automatically applies to make sure you're not applying official victim on top. I guess the other way to do it would be to automatically impose everything in sub 7 and then say don't apply the official victim enhancement on top of this. But it seems pretty clear that the Commission chose to do it this way, and the language of — Can you be convicted under 111 and therefore subject to the B7 enhancement, even if it is a personal dispute between — with a law officer? I think you probably could. So that would be a delta between — Correct. Even though the commentary says shall. Correct, Your Honor. Fortunately, we don't have that issue here where it clearly was not a personal dispute. Unless there are further questions on official victim — go ahead. No, no, it's not an official — I'll turn to acceptance of — Let's follow up what you just said to Judge Nathan to make sure I understand. So you would be convicted of 111B without it being for — without it being for resisting arrest? It would be for a personal dispute? If you assaulted — It's aggravated assault of a law enforcement officer, right? What are the elements? Yeah, the — Like we're back in district court? Mm-hmm. So the elements are, first — let's see. Bear with me. Okay. First, that — that the victim was a law enforcement officer. Second, that the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with the law enforcement officer. Okay. So the third element is that the officer was engaged in the performance of his official duties. So —  So it can't be for a personal — It cannot be for a personal matter. Okay. So to take this back to Judge Nathan's question, can you be — can you get the V7 enhancement and not get V3A 1.2 enhancement? I mean, Judge Robinson pointed you to Paragraph 4. It sounds like it's automatic. I believe it is automatic. So you're always going to get both? If you're convicted of — 111B. 111B, I think that Application Note 4 is pretty clear that it shall apply. 3A 1.2 shall apply. So turning to acceptance of responsibility — Sorry. Not on this one. Yeah. Just on the application. I think some circuits have authority that address the question of whether evading arrest constitutes the motivated by component. We don't, do we? That's correct, Your Honor. So the Ninth Circuit in Rivera, Alonzo, and Valencia-Cortez addresses directly in the First Circuit in Garcia. But I think the principle comes clearly from Salim, where the defendant made a version of the argument that's basically made in all these cases, which is, I didn't attack the person because he was a law enforcement officer or a government officer. And in Salim, it was, I just wanted this key so I could get the key that I wanted. And that was my motivation. I would have taken the key from anyone who had the key. And the court rejected that argument appropriately and said, no, the only reason he had the key is because of his status as a government officer. Here, the only reason Officer Menton was performing the arrest was because of his status as a government officer. So the principle that this Court articulated in Salim is... So it just follows directly from Salim in your opinion? Yes, Your Honor. Can I ask a question? Is there a peek at what they want on the official victim enhancement before I move on? So, you know, there's a bunch of other challenges to the sentence. And one of them is sort of a broader challenge to the procedural and substantive reasonableness. And the defendant offers us a lot of research that is targeted at debunking assumptions that have sort of infiltrated our sentencing consciousness about the effectiveness of deterrence. And I didn't see that the government sought to rebut that research. And I'm wondering whether in the face of this body of research and the absence of contrary evidence, why isn't it an abuse of discretion for courts to continue to rely on debunked assumptions about the value of deterrence in their sentencing? Well, Your Honor, Congress has expressly instructed courts in 18 U.S.C. section 3553A to consider deterrence. Sure. So they can consider deterrence. But in terms of how much weight, if the research says hypothetically, and I think this is the argument here, you get the same deterrence from a 10-year sentence or a 17-year sentence for this conduct, that marginal difference isn't going to increase either the specific or the general deterrence. If that were somehow demonstrated scientifically, wouldn't it be an abuse of discretion to just invoke deterrence as a reason for going for the higher number if it's not actually warranted by actual knowledge rather than sort of reflective assumptions? This is kind of a bigger philosophical question. This is not the first case in which a court has relied on deterrence. I'm just struck by the absence of sort of countervailing research when we see these. And I'm wondering whether this is a systemic issue that we should be grappling with. Well, I think here the court is not called upon to decide that issue because Judge Halpern clearly relied not just on deterrence but on a whole range of the 3553A factors, including the unquestionable seriousness of the offense, the history and characteristics. There's no indication that he placed any undue weight on deterrence or even increased it based on deterrence alone. So I think while those are big questions, the court is not called upon to resolve them here. May I ask you again, getting us to this 111 question, can you be convicted of 111B without knowing that the person that you assaulted is in fact a law enforcement officer? Yes, Your Honor. Yes. But the motivation requirement of 381.2 seems to suggest that you know the person is a law enforcement officer because otherwise why would you be motivated by that? Right? Yes, Your Honor. Okay. So to that extent, again, can you help me out with the rationale for why every 111B conviction is subject to 381.2 enhancements when 381.2 seems to have an extra requirement? It appears, just based on the commentary, that the Sentencing Commission made the determination that sentences for 111B should be near the maximum for the egregious conduct. They put in place this commentary. I think if this Court were faced with a situation where it had to grapple with some sort of tension between that and the language of 381.2 and the motivation language, that might be a difficult question. But fortunately here, 381.2a clearly applies, so the Court doesn't have to decide that question. I see that I'm out of town. Just briefly, I want to address the acceptance of responsibility with the Court's permission. So first of all, Judge Halpern explicitly found, and the record shows, that the defendant did not accept responsibility for counts two through four. He put the government to the burden of proof. Judge Halpern explicitly found that at A576-77. And in fact, even in his opening statement, defense counsel explicitly said, and I'm here at A122, we're going to agree on a lot of facts, but the government still has their job because they're the only one who has a burden here, and they have to put their officers on. They can try the case any way they want, but in order to fulfill their burden as they seek to do, they will have to put these various officers on to testify. He put the government to its burden. He never admitted guilt as to counts two, three, or four. And so therefore, he shouldn't get acceptance for that reason. And also in terms of pretrial conduct, I don't think the record supports that this was due to a breakdown of communication. I don't think that even appeared in his brief. I think we heard it for the first time at argument. And what the record shows is that the defendant had opportunities to plead only to count two and a lesser-included defense of count three. It appears counsel negotiated that favorable plea agreement, and then the defendant showed up at the plea hearings and was unable to allocute. So I don't think there's any basis for that claim. The defendant's pretrial conduct showed that he did not accept responsibility. If the record did show, maybe the district court created some record in appointing a counselor or something, that that original plea hadn't been transmitted to the defendant. Could the acceptance be granted? I think the court would have to look at all the circumstances. What the commentary says is in the rare case where a defendant goes to trial, the court should look at the pretrial conduct and make a determination. So perhaps there's a circumstance where that would be the case. But here the defendant clearly had the plea conveyed to him. He went to a plea hearing at which he was prepared to plead guilty and then couldn't get through it. Thank you. Thank you. Mr. Clough. Thank you, Your Honors. If I may address the acceptance of responsibility first. Going to trial is but one factor, as stated earlier. While the government says that the defense put the government to their burden, the government would have had the same burden with count one. They would have had to put on the same witnesses, expending the same amount of time to go to trial on count one. We opened on this very matter because there was no choice in the matter regarding Mr. Smith. I say that because the word clearly, he clearly should have known that he had to accept responsibility because he showed up at the plea hearing. Now you show up at the plea hearing and you're not able to allocute. What does that say? Clearly there's a breakdown in communication. And then when that communication is cured, you snatch the deal and the plea off the table, and then we still stand up and say we accept responsibility. We opened on this. The government and their papers reflect that we opened on this. In our closing arguments, we spoke on it. In the sentencing report, we spoke on it. When I stand before the court, the case before the court essentially revolves around the right of a trial. The right of a trial. When I say that, the right of a trial. The right to have an actual trial, to say, you know, I've been accused of this offense. I didn't do it. To go to trial and have a jury of your peers, a jury of your peers state what the government and the court can use when during sentencing. If not, they have certain elements they have to do. They have to prove these things beyond preponderance while at the district court level. But the right of that jury and the jury alone is the only thing that the government should have to prove beyond a reasonable doubt. That's it. That is it. And when you have someone that, you know, adamantly denies something, goes to trial, is not convicted of that conduct, and despite this, the court considers that conduct and then penalizes them for not accepting responsibility for the very conduct that you were not convicted of and that they did not establish beyond a preponderance of evidence, that is procedural error. And we respectfully, respectfully ask this court to vacate the sentence and remand for resentencing in accordance with the papers before the court. Thank you. Thank you very much. Appreciate it. That ends today's argued cases.